UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | | |
|---|---|---|---|
| JAMES D. BROYLES, ET AL., | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | CIVIL ACTION NO. | |
| VS. | ) | | |
| | ) | 3:10-CV-2256-G | |
| CHASE HOME FINANCE d/b/a CHASE | ) | | |
| TEXAS HOME FINANCE LLC, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions of the defendant, Chase Home Finance LLC ("Chase"), to dismiss the original petition filed by the plaintiffs, James D. Broyles and Janet Broyles ("the Broyles"), for failure to state a claim, or for a more definite statement (docket entry 3), and the plaintiffs' application for a temporary restraining order. For the reasons set forth below, the defendant's motion to dismiss is granted, its motion for a more definite statement is denied as moot, and the plaintiffs' application for a temporary restraining order is denied.

I.  BACKGROUND

A.  Factual Background

The Broyles bring this action against Chase for wrongful foreclosure, or

attempted foreclosure, which they claim violates the Texas Property Code (the

"Property Code"), the Texas Business and Commerce Code (the "B&C Code"), and

the Texas Finance Code (the "Finance Code").  Plaintiffs' Original Petition and

Application for Temporary Restraining Order and Temporary Injunction ("Petition")

¶¶ 13-20, *attached to* Chase Home Finance LLC's Notice of Removal ("Removal") *as*

Exhibit C-1 (docket entry 1).[1]  The Broyles seek economic and punitive damages, as

well as declaratory and injunctive relief.  See generally *id.*

On March 30, 2004, the Broyles purchased a home in Carollton, Texas.  *Id.*

¶¶ 8, 10.  To finance the transaction, the Broyles signed a promissory note (the

"note") and executed a deed of trust (the "deed"), which granted the holder of the

note a security interest in the property.  See *id.* ¶¶ 10, 11; Defendant Chase Home

---

[1]      The Broyles asserted a number of new facts and causes of action in their
response to Chase's motion to dismiss.  *See generally* Plaintiffs' Response to Defendant
Chase Home Finance LLC's Motion to Dismiss for Failure to State a Claim or
Alternatively, Motion for More Definite Statement ("Response") (docket entry 6).
Those facts and claims, however, are not properly before the court.  Cf. *Cutrera v.
Board of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised
for the first time in a response to a motion for summary judgment is not properly
before the court).  To the extent that the Broyles' response should be construed as a
motion to amend, *Ganther v. Ingle*, 75 F.3d 207, 211-12 (5th Cir. 1996), that motion
is denied because amendment here would be futile.  See *Leffall v. Dallas Independent
School District*, 28 F.3d 521, 532 (5th Cir. 1994).

Finance LLC's Brief in Support of Motion to Dismiss for Failure to State a Claim or Alternatively, Motion for More Definite Statement ("Chase Brief") at 1-2, *attached to* Defendant Chase Home Finance LLC's Motion to Dismiss for Failure to State a Claim or Alternatively, Motion for More Definite Statement ("Chase Motion") *as* Exhibit 1 (docket entry 3). The Broyles commenced this action in state court on September 7, 2010, after Chase notified them of an impending foreclosure sale but failed to satisfy their request for documentation showing its legal right to foreclose. Petition ¶ 10. Chase timely removed the case to federal court on the basis of diversity jurisdiction. Removal at 2-3 ¶ 5.

The Broyles' claims are predicated on Chase's failure to "produce certified copies of any and all transfer documents showing all of the transfers and assignments of the Original Deed of Trust and the Original [Promissory] Note." Petition ¶ 9. Chase now moves to dismiss, arguing that the Property Code does not require production of the original note or recordation of assignments prior to foreclosure, the B&C Code does not apply here because the Broyles are not consumers under the Texas Deceptive Trade Practices Act ("DTPA"), and the plaintiffs have failed to state a claim for relief under the Finance Code, including the Texas Debt Collection Act ("TDCA"). *See generally* Chase Brief at 3-8, *attached to* Chase Motion *as* Exhibit 1. Chase seeks to dismiss all of the Broyles' claims, including those for declaratory and injunctive relief. *Id.* at 9.

B.  Texas Rule of Civil Procedure 45

When an action initiated in state court is removed to a federal district court without subsequent amendment, state procedural law determines whether the claims asserted in state court survive a motion to dismiss.  See *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000); *see also* FED. R. CIV. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").  In this case, Texas pleading standards apply because the Broyles have not amended their state petition to add to or alter their original claims.  See *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 4352711, at *4 (N.D. Tex. Nov. 2, 2010) (Fish, J.).

"Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000) (citing *Broom v. Brookshire Brothers, Inc.*, 923 S.W.2d 57, 60 (Tex. App.--Tyler 1995, writ denied)).  Under Texas law, "[p]leadings in the district and county courts shall . . . consist of a statement in plain and concise language of the plaintiff's cause of action . . . .  That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." TEX. R. CIV. P. 45(b) (Vernon 2003).  A sufficient pleading "gives fair and adequate notice of the facts upon which the pleader bases his claim.  The purpose of this rule is to give the opposing party

information sufficient to enable him to prepare a defense." *Horizon/CMS Healthcare*,

34 S.W.3d at 897 (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

## II.  ANALYSIS

### A.  The Broyles' Property Code Claims

The Broyles allege that Chase's conduct violates the Property Code.  *See*

Petition ¶¶ 13-14.  According to the Broyles, the Property Code requires that all

transfers of a lien be timely recorded, and the mortgagee listed on a notice of

foreclosure sale be the current holder of the original promissory note, prior to

acceleration and collection on the note.  See *id.*  Chase contests the Broyles' reading

of the Property Code, arguing that it does not require production of the original note

or recordation of assignments prior to foreclosure.  Chase Brief at 3-4.  The court

agrees with Chase.

Section 13.001 of the Property Code makes clear that an "unrecorded

instrument is binding on a party to the instrument."  TEX. PROP. CODE ANN.

§ 13.001(b) (Vernon 2003).  Texas courts have consistently held that recordation is

not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to

those instruments.  See *Denson v. First Bank & Trust of Cleveland*, 728 S.W.2d 876,

877 (Tex. App.--Beaumont 1987, no writ) (holding a deed of trust does not need to

be recorded in order to convey title to the property); *Shaw v. Jackson*, 227 S.W. 520,

522 (Tex. Civ. App.--Beaumont 1920, no writ) (holding a valid lien was created

despite the lack of recordation of the lien in county records).  Thus, the Broyles'

claim that all transfers and assignments must have been recorded before Chase could

foreclose on the property is without merit, and their first claim for relief under the

Property Code is therefore dismissed.

The Property Code also states that "a mortgage servicer may administer the

foreclosure of property."  TEX. PROP. CODE ANN. § 51.0025 (Vernon 2007).  Under

Texas law, a mortgage servicer is "the last person to whom a mortgagor has been

instructed by the current mortgagee to send payments for the debt secured by a

security instrument."  *Id.* § 51.0001(3).  A mortgage servicer is not necessarily the

holder of the original note.  See *id.* ¶ 51.0001(3), (4) (defining a mortgagee as, among

other things, "holder of a security instrument," and stating that a "mortgagee *may* be

the mortgage servicer").  The Property Code, therefore, contemplates that someone

other than the holder of the original note -- for example, a mortgage servicer who is

not the mortgagee -- may lawfully foreclose on the security interest, see *Athey v.*

*Mortgage Electronic Registration Systems, Inc.*, 314 S.W.3d 161, 166 (Tex. App.--

Eastland 2010, pet. denied), and the plaintiffs have not identified, and the court has

not found, any provision in Chapter 51 of the Property Code that requires a mortgage

servicer to produce the original note prior to foreclosure.[2]  See *Sawyer v. Mortgage*

---

[2]     It bears mentioning that, under Texas law, summary judgment is proper
on a claim to enforce a promissory note if a party establishes that (1) the note exists,
(2) he is the legal owner and holder of the note, (3) the opposing party is the maker
(continued...)

*Electronic Registration Systems, Inc.*, No. 3-09-CV-2303-K(BD), 2010 WL 996768, at

*3 (N.D. Tex. Feb. 1, 2010) (Kaplan, M.J.) (explaining that Texas law does not

require "the mortgage servicer to be the 'holder' of the Note and Deed of Trust or to

produce the original loan documents" prior to foreclosure).  Here, the plaintiffs do

not dispute that Chase is the servicer of their mortgage.  *See generally* Petition; *see also*

Response at 2 ¶ 4.  Accordingly, the Broyles have failed to state a claim for which

relief can be granted, and their second claim under the Property Code is also

dismissed.

      B.  The Broyles' Claims Under the B&C Code and the DTPA

The Broyles allege that Chase's conduct violates the B&C Code, which --

according to the Broyles -- also requires that the original note be produced prior to

foreclosure.  Petition ¶¶ 15-17.  They do not allege which provision of the B&C Code

forms the basis of their complaint.  Even so, the Texas Property Code permits a

mortgage servicer to foreclose on a property without first producing the original note.

---

[2](...continued)
of the note, and (4) a balance is due and owing on the note.  *Scott v. Commercial Services of Perry, Inc.*, 121 S.W.3d 26, 29 (Tex. App.--Tyler 2003, pet. denied).  Importantly, "[a] photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note, is proper summary judgment proof which establishes the existence of the note." *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.--Houston [14th Dist.] 1994, no writ) (citing *Life Insurance Company of Virginia v. Gar-Dal, Inc.*, 570 S.W.2d 378, 380 (Tex. 1978)).  Thus, production of the original note is not a prerequisite to enforcement of a promissory note in Texas, and the plaintiffs' production-of-the-"original promissory note" theory appears to have no basis in law.

*See supra*.  Because the Broyles do not allege facts that would enable Chase to

"ascertain from the pleading the nature and basic issues of the controversy,"

*Horizon/CMS Healthcare*, 34 S.W.3d at 896-97, the Broyles first claim for relief under

the B&C Code is dismissed.

The Broyles also allege that Chase's failure to produce the original note violates

the DTPA.  Petition ¶ 7.  To prevail on a DTPA cause of action, the plaintiffs must

establish that they are consumers who sought or acquired, by purchase or lease, goods

or services that form the basis of their complaint.  *See* TEX. BUS. & COM. CODE

§§ 17.41, *et seq.* (Vernon 2008); see also *Amstadt v. United States Brass Corporation*,

919 S.W.2d 644, 649-50 (Tex. 1996); *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex.

App.--San Antonio 2002, pet. denied); *Melody Home Manufacturing Company v. Barnes*,

741 S.W.2d 349, 351-52 (Tex. 1987).  Whether the plaintiffs qualify as "consumers"

under the DTPA is a question of law for the court to decide.  *Bohls*, 75 S.W.3d at

479.

Texas courts have long held that a person who seeks only to borrow money is

not a consumer under the statute because the mere lending of money involves neither

a good nor a service.  See *La Sara Grain Company v. First National Bank of Mercedes*,

673 S.W.2d 558, 566 (Tex. 1984) (citing *Riverside National Bank v. Lewis*, 603

S.W.2d 169, 174-75 (Tex. 1980)).  A loan, by itself, is not a good or service.

*Riverside*, 603 S.W.2d at 174-75.  A lender, however, may be subject to a DTPA claim

if the borrower's "objective" is the purchase or lease of a good or service. *La Sara*, 673 S.W.2d at 567. "[T]he key principle in determining consumer status is that the goods or services purchased must be an *objective* of the transaction, not merely incidental to it." *Maginn v. Norwest Mortgage Corporation*, 919 S.W.2d 164, 167 (Tex. App.--Austin 1996, no pet.) (emphasis in original) (quoting *First State Bank v. Keilman*, 851 S.W.2d 914, 929 (Tex. App.--Austin 1993, writ denied)).

Here, the Bryoles have not alleged any facts to demonstrate their consumer status under the DTPA, and their DTPA claim appears to be based solely on Chase's failure to produce the original note prior to initiating foreclosure. Petition ¶¶ 7, 15-17. However, subsequent actions related to mortgage accounts -- for example, extensions of further credit or modifications of the original loan -- do not satisfy the "good or services" element of the DTPA. See *Hansberger v. EMC Mortgage Corporation*, No. 04-08-00438-CV, 2009 WL 2264996, at *2 (Tex. App.--San Antonio July 29, 2009, pet. denied); see also *Mitchell v. Chase Home Finance LLC*, 3:06-CV-2099-K, 2008 WL 623395, at *5 (N.D. Tex. Mar. 4, 2008) (Kinkeade, J.). Moreover, the Texas Supreme Court has firmly established that a lawful foreclosure on a security interest does not violate the DTPA, *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 333 (Tex. 1983), and Chase -- as the mortgage servicer -- has a statutory right to foreclose on the property. TEX. PROP. CODE ANN. § 51.0025. The Broyles are not consumers under the DTPA, Chase's failure to produce the original note is not

actionable under the DTPA, and Chase's lawful foreclosure on the property did not

violate the DTPA. The Broyles' DTPA claim is therefore dismissed.

C. The Broyles' Claims Under the Finance Code

The Broyles allege that Chase violated the Finance Code by "engag[ing] in

actions to collect" on, despite not being the "Holder" of, the original note. Petition

¶ 18. Chase's attempts to collect on the note are not *per se* violations of the Finance

Code because the Property Code permits a mortgage servicer not in possession of the

original note to foreclose on a property. *See* TEX. PROP. CODE ANN. § 51.0025; *see also*

*supra*. Because the Broyles do not dispute that Chase is the servicer of their mortgage,

their first cause of action under the Finance Code fails to state a claim for which relief

may be granted.

The Broyles also allege that Chase's attempts to collect on the note without

producing the original constitutes false, deceptive, or misleading conduct in violation

of the Finance Code. Petition ¶¶ 18-20. The Finance Code prohibits the use of

"fraudulent, deceptive or misleading representation[s]" in the collection of a debt.

TEX. FIN. CODE ANN. § 392.304(a) (Vernon 2006). However, the Finance Code

"does not prevent a debt collector from . . . exercising or threatening to exercise a

statutory or contractual right of seizure, repossession, or sale that does not require

court proceedings." *Id*. § 392.301(b)(3). To the extent that the Broyles' claim

depends on Chase's production of the original note, the Broyles' claim fails because

Chase -- as a mortgage servicer -- has a statutory right to foreclose on the property, *see* TEX. PROP. CODE ANN. § 51.0025, and the Finance Code expressly allows a debt collector to threaten to exercise or exercise a contractual or statutory right.  *See* TEX. FIN. CODE ANN. § 392.301(b)(3).

To the extent that the Broyles' claim depends on other conduct by Chase that was fraudulent, deceptive, or misleading, the Broyles have failed to allege any facts to support that claim.  Even though Texas' liberal pleading standards forbid the dismissal of claim asserted only on the basis of legal conclusions, the "fair notice" pleading standard requires that the allegations as a whole provide the "opposing party information sufficient to enable him to prepare a defense."  *Horizon/CMS Healthcare*, 34 S.W.3d at 897 (quoting *Roark*, 633 S.W.2d at 810); *see also* TEX. R. CIV. P. 45(b). The Broyles have not pleaded any allegations -- other than Chase's failure to produce the original note, which is not actionable under the Finance Code -- that would put Chase on notice regarding the conduct that the Broyles allege to be fraudulent, deceptive, or misleading.  If their Finance Code claims were allowed to survive, it would be practically impossible for Chase to prepare an adequate defense. Accordingly, even under Texas' liberal pleading standards, the Broyles have failed to state a claim for relief under the Finance Code.

D. Declaratory and Injunctive Relief

The Broyles seek a declaratory judgment requiring Chase to produce the original note prior to initiating any further attempts to foreclose on the property. Petition ¶ 21. They also request that the court "restrain the Defendant from executing the Substitute Trustee's Sale . . . or selling or otherwise taking possession of the subject property during the pendency of this cause . . . ." *Id.* ¶ 24. Because the Broyles have failed to plead any cognizable claim against Chase, both requests are denied. See *Brooks v. Northglen Association*, 141 S.W.3d 158, 163-64 (Tex. 2004) ("A declaratory judgment requires a justiciable controversy as to the rights and status of parties actually before the court for adjudication, and the declaration sought must actually resolve the controversy."); *Butnaru v. Ford Motor Company*, 84 S.W.3d 198, 204 (Tex. 2002) (explaining that an applicant for a temporary injunction must plead and prove, among other things, a cause of action against the defendant).

## III. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss this case for failure to state a claim is **GRANTED**, the defendant's motion for a more definite statement is **DENIED** as moot, and the plaintiffs' application for a temporary restraining order is **DENIED**.

**SO ORDERED**.

April 13, 2011.

_A. Joe Fish_

**A. JOE FISH**
**Senior United States District Judge**